4:22-cv-852-BCW

# EEOC (Inquiry) Number: 563-2022-01115

## Inquiry Information

### INQUIRY OFFICE

**Receiving:** Kansas City Area Office

**Accountable:** Kansas City Area Office

### POTENTIAL CHARGING PARTY

**Name:** Mr. Drake A. Matfield

**Address:** 7717 E 52ND ST
KANSAS CITY, MO 64129

**Year of Birth:**

**Email Address:** drakematfield@yahoo.com

**Phone Number:** 816-665-8339

### POTENTIAL CHARGING PARTY'S DEMOGRAPHICS

**Gender:** M

**Disabled?** I have a disability

**Are you Hispanic or Latino?** not hispanic or latino

**Ethnicity:** Black or African American,

**National Origin:**

### RESPONDENT/Employer

**Organization Name:** ESSIG AND ASSOCIATES INC

**Type of Employer:** Business or non-profit organization that I applied to, work for, or worked for

**Number of Employees:** 20 or more employees

**Address:** 6603 Royal St # C
PLEASANT VALLEY, MO 64068

**County:**

**Phone Number:**

### LOCATION OF POTENTIAL CHARGING PARTY'S EMPLOYMENT

**Address:** 6996 Eastwood Trafficway

RECEIVED 2022 DEC 28 PM 3:48

KANSAS CITY, MO 64129

**County:** jackson

## RESPONDENT CONTACT

**Name:** ESSIG AND ASSOCIATES INC

**Email Address:**

**Phone Number:**

**Title:**

## REASON(S) FOR CLAIM

**Date of Incident (Approximate):** 01/31/2022

**Reason for Complaint:** Race, Sex (including pregnancy, sexual orientation and gender identity), Color, Religion, Disability, Retaliation – I filed a charge of job discrimination about any of the above

**Pay Disparity:** No

**Location of Incident:** Missouri

**Submission (initial inquiry) Date** 02/01/2022

**Claim previously filed as charge with EEOC?** No

**Approximate Date of Filing:**

**Charge Number:** 563-2022-01115

**Claim previously filed as complaint with another Agency?** No

**Agency Name:**

**Approximate Date of Filing:**

**Nature of Complaint:**

## Adverse Action(s)

I Drake Matfield, believe I?m currently being harassed because the defendants in my case have been served for a lawsuit from prior incidents that took place at the store I work at.

I?ve seem to experienced more harassment and scrutiny; since I was told that my Employer / Ex-employer have been served for employment discrimination.

These are some of the issues that I have experienced recently; but are not limited to:

* The continuation of reducing my hours.
* Open Humiliation.
* Reprehending me for doing what I was told to do
* Malicious attempts to diminish my work performance.
* The changing of my withholdings without my knowledge.

## APPOINTMENT

**Appointment Date and time:** 07/14/2022 08:15:00 CST

Interview Type: Phone

**APPROXIMATE DEADLINE FOR FILING A CHARGE:** 11/27/2022

# Supplemental Information

## What Reason(s) were you given for the action taken against you?

labor

## Was anyone in a similar situation treated the same, better, or worse than you?

I'm not sure

## Please provide name(s) and email and/or phone number of anyone who will support your claim, and briefly describe the information this person will provide.

## Please tell us any other information about your experience?

I Drake Matfield, believe I?m currently being harassed because the defendants in my case have been served for a lawsuit from prior incidents that took place at the store I work at.

I?ve seem to experienced more harassment and scrutiny; since I was told that my Employer / Ex-employer have been served for employment discrimination.

These are some of the issues that I have experienced recently; but are not limited to, in details:

* The continuation of reducing my hours.
* Open Humiliation.
* Reprehending me for doing what I was told to do
* Malicious attempts to diminish my work performance.
* The changing of my withholdings without my knowledge.

THE CONTINUATION OF REDUCING MY HOURS.
On January 12, 2022 - Wednesday:
On January 20, 2022 - Thursday:
On January 24, 2022 - Monday:
On January 31, 2022 - Monday:

REPREHENDING ME FOR DOING WHAT I WAS TOLD TO DO
On January 12, 2022 - Wednesday:

OPEN HUMILIATION.
On January 10, 2022 - Monday:
On January 13, 2022 - Thursday:

MALICIOUS ATTEMPTS TO DIMINISH MY WORK PERFORMANCE.
On January 13, 2022 - Thursday:

THE CHANGING OF MY WITHHOLDINGS WITHOUT MY KNOWLEDGE.
On January 2, 2022 - Sunday:
On January 7, 2022, Friday:

* To the best of my knowledge, as of January 21, 2022 my witholdings issue has been partially corrected for the most part.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | 563-2022-01115 |

| Missouri Commission On Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Mr. Drake A. Matfield | 816-665-8339 | |

Street Address

7717 E 52ND ST

KANSAS CITY, MO 64129

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| ESSIG AND ASSOCIATES INC | 501+ Employees | |

Street Address

6603 Royal St # C

PLEASANT VALLEY, MO 64068

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address — City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest — Latest |
| Disability, Race, Religion, Retaliation, Sex | 12/01/2021 — 07/31/2022 |
| | Continuing Action |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I Drake Matfield, believe I have been harassed/discriminated against for engaging in a Title VII of the Civil Rights Act of 1964 - actions. My previous employer hired me approximately in November 2018 as a cook. Around August 2021, I filed a charge against my previous employer; and that charge was served to them around the end of December of 2021. However, my previous employer sold the store to my current employer at the beginning of December of 2021. It had been suggested by other employees that she sold the store to avoid being sue for employment discrimination. Since the new owner has owned the store, I have experience-escalating harassment and scrutiny; which I believe is in retaliation for my previous employer being served. One reason for this belief is many of the crew exhibited detail knowledge of the current legation with the previous employer and me (in real time/as they occurred) - that was not disclosed by me. It should also be noted that there seem to be some kind of personal association with the previous employer and the current one, and the management from the previous employer - (which much of the harassment stemmed from) still existed under the new owner. I emailed the new owner about the situation; but since the response was minimum and unsuccessful - I file a complaint with the EEOC on February 1, 2022. My interview with the EEOC was set for July 14, 2022. While waiting to speak with my interviewer, during the 5 months, I have endured increased harassment. Prior incidents of harassment with my previous employer have injured me psychologically,

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Digitally Signed By: Mr. Drake A. Matfield<br>09/29/2022 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Charging Party Signature | |

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | 563-2022-01115 |
| Missouri Commission On Human Rights | | and EEOC |
| *State or local Agency, if any* | | |

physically and more. And incidents with my current employer has added compounded trauma. Furthermore, some incident would suggest that the current employment is continuing to impose some form of hypnosis on me. These are some of the issues that I have experienced before filing my complaint on February 1, 2022; but are not limited to - (without details): * The continuation of reducing my hours. * Open humiliation about my disability. * Open humiliation suggesting that males are inferior to females. * Reprehending me for doing what I was told to do. * Malicious attempts to diminish my work performance. * The changing of my withholdings without my knowledge. To the best of my knowledge, as of January 21, 2022 my withholdings issue has been partially corrected for the most part. Nevertheless, many of the issues have continued within the time span of me filing a complaint with the EEOC and waiting for an interview. Some of these incidents I have reported with the EEOC portal; but not all due to the mental impairment and depression brought on by my job's harassment. And an added note: I believe much of the harassment was to further my mental impairment to prevent me from being successful in my legation with my previous employer. Plus, new and old management has threatened to shoot me if I attempt to sue. New management has even alluded to illegal activity; by saying she will shoot me - if I sue before she is through.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Mr. Drake A. Matfield**<br>**09/29/2022**<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.



**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
# MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON | ANNA S. HUI | TIMOTHY FABER, DMIN. | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

October 17, 2022

Drake A. Matfield
7717 E. 52nd St.
Kansas City, MO 64129

RE: Matfield vs. Essig and Associates, Inc.
FE-09/22-34949   563-2022-01115

This is to inform you that when you filed your complaint with the Equal Employment Opportunity Commission (EEOC) it was also filed with the Missouri Commission on Human Rights (MCHR).

**This complaint will be investigated by the EEOC.** You are encouraged to cooperate fully in the investigation. An investigator from that agency will be in contact with you.

The Missouri Human Rights Act provides that you may request a right to sue letter. Such a letter would allow you to file suit in state court against the Respondent named in your complaint using your own resources. MCHR closes its case when it issues a right to sue letter.

If MCHR adopts EEOC's finding and closes your complaint, then you will not be able to get a right to sue letter from MCHR. If you want a right to sue letter, then you may request one in writing at any time. If you have requested a right to sue letter and MCHR has not completed its administrative processing of your complaint after it has been on file for over 180 days, then MCHR will issue your right to sue letter.

Respectfully,

*Leslie Andersen*
Leslie Andersen
Lead Administrative Support Assistant
Missouri Commission on Human Rights – *Jefferson City*
leslie.andersen@labor.mo.gov

| ☑ | ☐ | ☐ | ☐ |
|---|---|---|---|
| JEFFERSON CITY OFFICE | ST. LOUIS OFFICE | KANSAS CITY OFFICE | SIKESTON OFFICE |
| 421 E. DUNKLIN ST. | 111 N. 7TH STREET, SUITE 903 | P.O. BOX 1129 | 106 ARTHUR STREET, SUITE D |
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | JEFFERSON CITY, 65102-1129 | SIKESTON, MO 63801-5454 |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | FAX: 816-889-3582 | FAX: 573-472-5321 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | |
| FAX: 573-751-2905 | | | |

Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.
TDD/TTY: 1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Kansas City Area Office
400 State Ave, Suite 905
Kansas City, KS 66101
(913) 340-8810
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/30/2022

To: Mr. Drake A. Matfield
7717 E 52nd St
Kansas City, MO 64129

Charge No: 563-2022-01115

EEOC Representative and email:   Natascha DeGuire
Area Director
natascha.deguire@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 563-2022-01115.

On behalf of the Commission,

Digitally Signed By: David Davis
09/30/2022

David Davis
Acting District Director

cc:
Vicki Fall
Essig and Associates
PO Box 550
Liberty, MO 64069

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 563-2022-01115 to the District Director at David Davis, 1222 Spruce St Rm 8 100

St Louis, MO 63103.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

#### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

### "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.*